DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KANSAS WASTE WATER, INC., et al.,**

     **Plaintiffs,**

**v.**                  **Case No. 02-2605-JWL-DJW**

**ALLIANT TECHSYSTEMS, INC.,**

     **Defendant and**
     **Third-Party Plaintiff,**

**v.**

**CHEMICAL RECOVERY CORPORATION, e al.,**

     **Third -Party Defendants.**

### MEMORANDUM AND ORDER

Pending before the Court are the following motions:  (1) Alliant Techsystems, Inc.'s ("Alliant")

Motion for Protective Order Regarding 30(b)(6) Deposition Notice and Fifth Request for Production of

Documents (doc. 111); and (2) Plaintiffs' Motion to Strike Reply (doc. 136).

**I.**   **Plaintiffs' Motion to Strike Reply (doc. 136)**

Plaintiffs move to strike the reply Alliant filed in support of its Motion for Protective Order

Regarding 30(b)(6) Deposition and Fifth Request for Production of Documents (doc. 131).  Plaintiffs argue

that Alliant improperly attached exhibits to that reply, including an affidavit from Gayla Frazier and excerpts

of deposition testimony.  Plaintiffs ask the Court to strike the entire reply brief, or at a minimum, disregard

the improperly attached exhibits and any arguments or analysis premised upon such exhibits.

The Court finds that the exhibits and discussion relating to the exhibits raised new issues for the first

time in the reply brief.  Plaintiffs are correct in asserting that this Court generally will not consider evidence

or arguments raised for the first time in a reply brief.[1]  The Court will not consider these materials or

Alliant's analysis or discussion of them, as Plaintiffs have not had a chance to respond to them.  In addition

to disregarding these materials and the analysis regarding them, the Court will strike the exhibits and

Alliant's discussion of them from the reply brief.  The Court does not find, however, that the entire reply

brief must be stricken.  The Court therefore grants Plaintiffs' Motion to Strike only to the extent that

Plaintiffs seek to strike the exhibits and discussion relating to them.

**II.     Alliant's Motion for Protective Order Regarding 30(b)(6) Deposition Notice and Fifth Request for Production of Documents (doc. 111)**

Alliant moves, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order relieving

Alliant from the obligation to (1) comply with Plaintiffs' October 22, 2004 Rule 30(b)(6) deposition duces

tecum; and (2) respond to Plaintiffs' Fifth Request for Production of Documents.

On October 22, 2004, Plaintiffs served a deposition notice to take the deposition of an Alliant

corporate representative.  Plaintiffs requested examination as to five topics: (1) environmental violations by

Alliant at the Sunflower Army Ammunition Plant, (2) environmental violations by Alliant at any other plants

or places of operations, (3) the fraud investigation conducted by the Department of Defense Criminal

Investigative Organization relating to the AT-45 Anti-Armor Weapons Program, (4) any other ongoing and

pending investigations conducted by the Department of Defense against Alliant for any type of fraudulent

activity from 1995 to the present, and (5) any investigations from 1995 to the present relating to

---

[1]*Liebau v. Columbia Casualty Co.*, 176 F. Supp. 2d 1236, 1244 (D. Kan. 2001) ("Courts in this district generally refuse to consider issues raised for the first time a reply brief."); *Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996) ("In pursuit of fairness and proper notice, the court generally summarily denies or excludes all arguments and issues first raised in reply briefs.").

Department of Defense investigations where Alliant paid restitution or any type of penalty.  The deposition notice requested that the corporate representative bring to the deposition documents relating to these topics.  It also asked the representative to bring all documents relating to any investigation, civil or criminal, conducted by any governmental agency from 1996 to the present and relating to any civil penalty paid by Alliant to any governmental agency from 1996 to the present.

Plaintiffs also served a Fifth Request for Production of Documents on Alliant on October 22, 2004, requesting that Alliant produce the same documents listed in the deposition notice.

Alliant moves for a protective order, arguing that the topics identified in the deposition notice  and the document requests contained in both the notice and Plaintiffs' Fifth Request for Production have no relevance to the claims and defenses in this case and are overly broad.  It also argues that compliance with the notice and document requests will impose an undue burden on Alliant.

The Court agrees with Alliant that the deposition topics and document requests are not relevant to the defenses and claims alleged in this action and that they are overly broad.   This action arises out of a  Facility Use Agreement ("FUA") entered into between Plaintiff Kansas Waste Water, Inc. ("KWWI") and Alliant.  Plaintiffs allege that KWWI entered into the FUA as an agent for its sister corporation, Wastewater Treatment, Inc.  Wastewater Treatment, Inc. was to operate and improve a wastewater treatment facility on property managed by Alliant.  KWWI and Wastewater Treatment, Inc. sue Alliant for breach of the FUA and for misrepresentations that allegedly induced Plaintiffs to enter into the FUA. Alliant has asserted a counterclaim for breach of the FUA based on KWWI's alleged refusal to pay Defendant the full amount of rent owed Defendant under the FUA prior to 1996.

The Court finds that Alliant's environmental compliance, any fraud allegedly committed by Alliant; any civil penalties paid by Alliant, and any governmental investigations of Alliant have no bearing on the issues, claims or defenses in this case and that the document requests and deposition topics are overly broad.  The Court is not persuaded by Plaintiffs' arguments to the contrary.

The fact that the topics and document requests are irrelevant and overly broad is, however, not, standing alone, a sufficient basis for entering a protective order.   This Court has held that a party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c).[2]  In other words, the protective order must be necessary to protect the party from "annoyance, embarrassment, oppression or undue burden or expense."[3]  Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence.[4]        Although  a party may object to providing discovery on the basis that the request is overly broad, irrelevant or not calculated to lead to the discovery of admissible evidence, the court may only rule on the validity of such an objection in the context of a motion to compel.[5]  Such an objection is not a basis upon which the court may enter a Rule 26(c)

---

[2]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[3]Fed.R.Civ.P. 26(c).

[4]*Aikens,* 217 F.R.D. at 534.

[5]*Id*.

protective order.[6]   Thus, this Court will decline to enter the requested protective order on grounds that the deposition notice and document requests are overly broad and seek irrelevant information.

This does not, however, leave Alliant without a remedy.  Alliant also argues that the deposition notice and document requests impose an undue burden on it.  As noted above, undue burden is one of the grounds enumerated in Rule 26(c) authorizing the Court to enter a protective order.  The parties agree that Alliant has the burden to demonstrate undue burden.  Plaintiffs, however, argue that Alliant has failed to meet that burden because it does not provide in its motion an affidavit or other evidentiary proof of the alleged burden.  Alliant admittedly does not provide such an affidavit or evidentiary proof in its motion or in its initial supporting memorandum.  Although it does submit an affidavit and other evidentiary materials with its reply brief, as noted above in Part II, the Court has stricken those materials and Alliant's discussion of those materials from the reply brief.  Accordingly, the Court's analysis of whether Alliant has met its burden to demonstrate undue burden will not take into account those evidentiary materials.

Clearly, an affidavit or other evidentiary proof is the best way for a party to demonstrate undue burden under Rule 26(c).  The Court, however, has never adopted a bright-line rule *requiring* an affidavit or other evidence, such as deposition testimony, in order to demonstrate undue burden.  This Court has instead adopted the standard that the party moving for a Rule 26(c) Protective Order "must make 'a particular and specific demonstration of fact' in support of its request and may not rely upon 'stereotyped

---

[6]*Id.*

and conclusory statements.'"[7]  What this typically means is that the party seeking a protective order based

on undue burden or expense must, at a minimum, provide a "detailed explanation as to the nature and extent

of the claimed burden or expense."[8]

The Court finds that Alliant has provided in its Motion a sufficiently detailed explanation of its

burden so as to satisfy this requirement.  In its Motion, Alliant  explains that it has facilities in 48 locations

in 23 states and 42 countries.  It also explains that it manufactures products ranging from Minuteman missile

components to machine guns.  In addition, it provides examples of the types of searches and investigations

it would need to conduct in order to obtain the requested information and discusses the time and expense

it would incur in responding to these discovery requests.  The Court finds that Alliant's explanation of the

burden and expense involved is sufficient to meet the requisite standard.

Furthermore, the Court finds that Alliant has established that the burden is "undue."  As this Court

has previously noted, the Rule 26(c) standard is "undue" burden, and that the party seeking the protective

order must show not only that providing the requested discovery is burdensome, but that it is *unduly*

burdensome.[9]  Moreover, this Court has consistently held that the discovery should not be permitted where

---

[7]*Aikens*, 217 F.R.D. at 536-37 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)).

[8]*Id.* at 537.  *See also Kutilek v. Gannon*, 132 F.R.D. 296, 300 (D. Kan. 1990) (party objecting to discovery as unduly burdensome "cannot rely on some generalized objections, but must show specifically how [the requested discovery] is burdensome and/or overly broad by submitting affidavits or *some detailed explanation as to the nature of the claimed burden*.") (emphasis added).

[9]*See, e.g., Snowden by and Through Victor v. Connaught*, 137 F.R.D. 325, 333 (D. Kan 1991).

6

the burden or hardship is unreasonable in light of the benefits to be secured from the discovery.[10]   Here, the Court has found that the deposition topics and document requests are not relevant to the claims or defenses in this case.  Thus, given that no or minimal benefit is to be had from this discovery, the hardship Alliant has described is clearly outweighed by the benefits of allowing this discovery.   Alliant has therefore shown that the burden is "undue."

In light of the above, the Court holds that Alliant has shown good cause for the entry of the protective order as it relates to the October 22, 2004 Rule 30(b)(6) deposition notice and Plaintiffs' Fifth Request for Production of Documents.  Accordingly, Alliant is relieved of the obligation of complying with the deposition notice and documents requests.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Strike (doc. 136) is granted in part, and the Court strikes from Alliant Techsystems, Inc.'s Reply (doc. 131) the attached exhibits and any arguments and analysis premised upon such exhibits.

IT IS FURTHER ORDERED that Alliant Techsystems Inc.'s  Motion for Protective Order Regarding 30(b)(6) Deposition Notice and Fifth Request for Production of Documents (doc. 111) is granted.

IT IS FURTHER ORDERED that each party shall bear its/his own fees and expenses incurred in connection with these motions.

---

[10]*Hammond v. Lowe's Home Centers, Inc.,* 216 F.R.D. 666, 674 (D. Kan. 2003); *McCoo v. Denny's Inc.,* 193 F.R.D. 675, 686 (D. Kan. 2000); *Snowden,* 137 F.R.D. at 333 (quoting C. Wright and A. Miller, 8 *Federal Practice and Procedure* § 2214, p. 647-48 (1970)).

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 3rd day of February 2005.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:      All counsel and *pro se* parties