DJW/bh

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KANSAS WASTE WATER, INC., et al.,**

                 **Plaintiffs,**                          **Civil Action**

v.                                             **No. 02-2605-JWL-DJW**

**ALLIANT TECHSYSTEMS, INC.,**

                 **Defendant and**
                 **Third-Party Plaintiff,**

v.

**CHEMICAL RECOVERY CORPORATION, e al.,**

                 **Third-Party Defendants.**

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Strike (doc. 135) filed by Plaintiffs and Third-Party Defendants ("Movants"). Movants seek an order striking an alleged improperly identified witness from Defendant's Rule 26(a)(1) disclosures.

**I.      Background Facts**

In its November 10, 2004 Rule 26(a)(1) disclosures, Defendant identified a "[c]urrent or former Perma-Fix employee" as a witness it "may call . . . to support its claims or defenses at trial." Defendant's disclosure indicated that the subject of this witness' testimony was "[c]ompetition in regional waste water treatment business, plaintiff or McNally reputation in industry." Defendant did not identify this person by name nor did it provide a telephone number or address for this individual.

Discovery closed in this case on January 14, 2005. The final Pretrial Conference is scheduled for April 4, 2005. The case is set for trial on the September 6, 2005 trial calendar.

Movants seek an order striking the unidentified "current or former Perma-Fix employee" from Defendant's disclosures. Movants also seek an order barring this individual from testifying at trial. Finally, Movants seek to recover the costs and attorney fees they have incurred in connection with this motion.

## II. Discussion

### A. Duty to Confer

Movants file this motion pursuant to Federal Rule of Civil Procedure 37. Accordingly, D. Kan. Rule 37.2 imposed a duty on Movants to confer with opposing counsel to resolve this dispute prior to filing the motion.[1] Although Defendant disputes that Plaintiff has satisfied this duty, based on the information provided by Movants, the Court finds that the duty has been satisfied.

### B. Applicable Law

Federal Rule of Civil Procedure 26(a)(1)(A) governs initial witness disclosures. It requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information."[2]

Pursuant to Federal Rule of Civil Procedure 37(c)(1), a party who fails to make a required disclosure "without substantial justification" will not be permitted to use as evidence at trial any witness or

---

[1] D. Kan. Rule 37.2 provides that the Court will not entertain any motion to resolve a discovery dispute pursuant to Federal Rule Civil Procedure 26 through 37 unless, prior to filing the motion, counsel for the moving party has conferred, or has made reasonable effort to confer, with opposing counsel concerning the matter in dispute.

[2] Fed. R. Civ. P. 26(a)(1)(A).

information not so disclosed, unless such failure is "harmless."[3]  In applying this standard, the Court must determine, as a threshold matter, whether the required disclosure has been made.  Assuming the Court finds that the required disclosure has not been made, the Court must next determine whether substantial justification exists for the party's failure to make the required disclosure.[4]  If the Court determines that a party's failure to make the disclosure was substantially justified, then the Court must proceed to determine whether the failure is harmless.[5]  Only if the Court determines that the failure is harmless will the Court allow the undisclosed witness to testify at trial.[6]

The determination of whether a Rule 26(a) disclosure violation is substantially justified or harmless is entrusted to the broad discretion of the district court.[7]  The Advisory Committee's Notes to Rule 37(c)(1) describe the Court's ability to sanction a party for failing to make a proper Rule 26(a) disclosure

---

[3] Fed. R. Civ. P. 37(c)(1).

[4] *See Umbenhower v. Copart, Inc.*, 222 F.R.D. 672, 675 (D. Kan. 2004) (court must first determine whether substantial justification for failing to make the disclosure exists); *Wheeler v. FDL, Inc.*, No. 02-2444-CM, 2003 WL 22843172, at *1 (D. Kan. Nov. 17, 2003) (court first examines whether party was substantially justified in failing to timely provide a complete expert disclosure).

[5] *Umbenhower,* 222 F.R.D at 675; *Wheeler*, 2003 WL 22843172 at *1 (citing *Burton v. R. J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001)).

[6] Fed. R. Civ. P. 37(c)(1).

[7] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) (quotation omitted).

as providing "a strong inducement" for the full and complete disclosure of material that the disclosing party would expect to use as evidence.[8]

### C. The Parties' Arguments

Movants argue that Defendant's failure to properly identify this potential witness by providing his/her name, address, and telephone number has left Movants unable to depose this individual or to otherwise prepare to rebut his/her trial testimony. Movants thus argue that this is sufficient prejudice to justify striking the witness.

Defendant counters that it has provided "all identifying information within [its] possession about this potential witness."[9] It states that its "designation" of a Perma-Fix representative on the identified topics "was intended to be the equivalent of a corporate designation made under Fed. R. Civ. P. 30(b)(6)."[10] It further explains that if it ultimately decides to call a representative of Perma-Fix to testify at trial, it "intends to subpoena the corporation to present a person designated by the corporation to testify on the enumerated categories."[11] Furthermore, Defendant argues that during discovery Movants could have subpoenaed a representative of Perma-Fix to provide deposition testimony regarding the topics listed in Defendant's disclosures and that Defendant should not be penalized for Movants' failure to do so. Finally,

---

[8] Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment.

[9] Def.'s Mem. in Opp. to Pltf.'s Mot. to Strike (doc. 142) at p. 2.

[10] *Id.*

[11] *Id.*

4

Defendant asserts that Plaintiffs' motion is premature, and that motions of this type should not be filed until after the Pretrial Conference.

### D.     Analysis

As a threshold matter, the Court finds that Defendant has not made a proper disclosure as to this potential witness. Defendant has not provided the potential witness' name, address, or telephone number, as required by Federal Rule of Civil Procedure 26(a)(1)(A).

Next, the Court finds that Defendant has not shown that its failure to provide this information is "substantially justified." While the Court finds that Defendant has attempted to justify its incomplete disclosure, the Court does not find that justification to be "substantial." Defendant's argument that it intended its disclosure to be "the equivalent of a corporate designation made under Fed. R. Civ. P. 30(b)(6)" is not persuasive. Rule 26(a)(1) requires the disclosing party to provide the name, and if known, the address and telephone number of the potential witness. The rule does not allow the disclosing party to merely name a corporation and have the corporation identify the person it wishes to testify on its behalf. Furthermore, Rule 30(b)(6) deals only with the designation of corporate or association witnesses who will provide deposition testimony. In contrast, Rule 26(a)(1) deals with the disclosure of individuals who are likely to have discoverable information and whom "the disclosing party may use to support its claims or defenses."[12]

Defendant's assertion that it has provided all identifying information within its possession does not satisfy the Court. Rule 26(a)(2)(A) *requires* the disclosing party to provide the individual's name. The

---

[12]Fed. R. Civ. P. 26(a)(1)(A).

5

qualifying language "if known" applies only to the individual's address and telephone number.[13] While Rule 26(a)(1) admittedly provides that a party "must make its initial disclosures based on the information then reasonably available to it," the Court does not find that such language permits a disclosing party to make no attempt to identify by name the particular person it is disclosing.

Moreover, the Court notes that the Revised Scheduling Order in this case provides that after the initial disclosures are served, supplemental disclosures are to be served every thirty days and forty days before the deadline for completion of all discovery.[14] The Revised Scheduling Order states that the supplemental disclosures served forty days before the deadline for completion of all discovery "are intended to replace what this court traditionally has called 'final witness and exhibit lists,'" and that they "must identify the universe of all witnesses and exhibits that probably or even might be used at trial."[15] In addition, the Revised Scheduling Order notes that the mandatory supplemental disclosures provided forty days before the discovery cutoff are intended "to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up 'written' discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires."[16]

---

[13]*Id.*

[14]July 21, 2004 Revised Scheduling Order (doc. 83), ¶ II.h.

[15]*Id.*

[16]*Id.*

Discovery closed in this case on January 14, 2005.[17] Thus, on December 6, 2004 (forty days before the close of discovery), Defendant had the obligation to serve supplemental disclosures identifying the universe of all witnesses that might be used at trial. Plaintiff filed the instant motion on December 8, 2004 and Defendant filed its response to the motion on December 20, 2004. At the time Defendant filed its response, Defendant had not supplemented its disclosure. And, from the statements Defendant makes in its response to the motion, the Court can infer that Defendant does not intend in the near future to supplement its disclosure as to this individual. Moreover, nothing in the docket sheet reflects that Defendant has since supplemented its disclosure by providing Movants with the name, address or telephone number of this potential witness. In short, the Court finds that Defendant's failure to provide the name, address, and telephone number of this potential witness is not substantially justified, particularly in light of Defendant's obligation to provide supplemental disclosures forty days prior to the close of discovery that would "identify the universe of all witnesses that Defendant probably or might use at trial."

Having determined that Defendant's failure to properly disclose this individual is not substantially justified, the Court must next consider whether Defendant's failure to disclose is "harmless."[18] The burden to establish harmlessness is on the party who failed to make the required disclosure or otherwise failed to

---

[17] *See* January 4, 2005 Minute Sheet and Order (doc. 149) extending discovery deadline to January 14, 2005.

[18] *Umbenhower*, 222 F.R.D. at 675; *Burton*, 203 F.R.D. at 639.

7

comply with Rule 26(a).[19]   To establish harmlessness the party must demonstrate that there is no prejudice to the party entitled to the disclosure.[20]

In determining whether a party has been prejudiced the Court may consider several factors, including (1) the surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the testimony at issue would disrupt the trial; and (4) the moving party's bad faith or willfulness.[21]

The Court agrees with Movants that they have been prejudiced to the extent they have not been able to contact or depose this individual during the discovery period due to Defendant's failure to identify him/her.  Not only have Movants been denied the opportunity to interview or depose this individual, they have also been deprived of the opportunity to conduct any follow-up discovery regarding any information or testimony this person might have provided.  The Court finds, however, that this prejudice would be cured if Defendant were to provide the required information for this individual.

Accordingly, the Court directs Defendant to serve a supplemental disclosure for this potential witness, providing his/her name, address and telephone number.  The supplemental disclosure shall be served on Movants prior to the April 4, 2005 Pretrial Conference.  If Defendant timely provides this information, discovery will be re-opened for the limited purpose of allowing Movants the opportunity to

---

[19]*Umbenhower,* 222 F.R.D at 675; *Burton,* 203 F.R.D. at 639.

[20]*Mounger v. Goodyear Tire & Rubber Co.,* No. 99- 2230-JWL, 2000 WL 1466198, at *2 (D. Kan. Sept.22, 2000); *Burton,* 203 F.R.D. at 639.

[21]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 1*70 F.3d 985, 993 (10th Cir. 1999).

8

conduct discovery regarding this individual, including the taking of his/her deposition. The Court will set a deadline for completing this discovery at the Pretrial Conference. In the event Defendant does not supplement its disclosure within the specified time period, the Court will grant Movants' motion, and the disclosure will be stricken and this individual not allowed to testify at trial. The Court will defer ruling on Movants' motion until the April 2005 Pretrial Conference.

**IT IS THEREFORE ORDERED** that Defendant shall, prior to the April 4, 2005 Pretrial Conference, serve a supplemental disclosure for the "current or former Perma-Fix employee" listed in Defendant's November 10, 2004 Rule 26(a)(1) disclosures, providing his/her name, address and telephone number. In the event Defendant timely provides this information, discovery will be re-opened for the limited purpose of allowing Movants the opportunity to conduct discovery regarding this individual. A deadline for completing this discovery will be set at the Pretrial Conference.

**IT IS FURTHER ORDERED** that in the event Defendant does not supplement its disclosure regarding this individual during the specified time period, the Court will grant Movants' Motion to Strike (doc. 135).

**IT IS FURTHER ORDERED** that the Court will defer ruling on the Motion to Strike (doc. 135) until the April 4, 2005 Pretrial Conference.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 28th day of March 2005.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and *pro se* parties